IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
STEPHEN COMPAN, BAR NO. 3044.

No. 83235

FILED

SEP 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Stephen Compan. Under the agreement, Compan admitted to violating RPC 3.2(a) (expediting litigation), RPC 3.2(c) (fairness to opposing party and counsel), and RPC 1.16(a) (declining or terminating representation), and agreed to a six-month-and-one-day suspension, stayed subject to certain conditions to be completed during a one-year probation.

As part of his guilty plea agreement, Compan admitted to the facts and violations. The record therefore establishes that he violated the above-listed rules by failing to abide by Nevada Rules of Appellate Procedure and court orders in representing appellants in Docket No. 79192, including not providing opposing counsel with a stipulation for an extended briefing schedule, not timely filing a case appeal statement and opening brief, and failing to file a docketing statement. Additionally, Compan failed to withdraw his representation when warranted by physical and/or mental limitations.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28

21-26938

(1988) (stating purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Based on the duties Compan knowingly violated, and because his conduct potentially harmed his client and harmed the legal profession, the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client"); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The record supports the panel's findings of two aggravating circumstances (multiple offenses and substantial experience in the practice of law), and six mitigating circumstances (absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to disciplinary authority/cooperative attitude, character or reputation, imposition of other penalties or sanctions, and remorse). Under the *Lerner* factors, we conclude that the agreed-upon and recommended discipline is appropriate and serves the purpose of attorney discipline.

Accordingly, commencing from the date of this order, we hereby suspend attorney Stephen Compan from the practice of law in Nevada for 6 months and 1 day, stayed for 12 months subject to completion of the following conditions within the stayed period. Compan must (1) undergo an

(O) 1947A

evaluation with the Nevada Lawyers Assistance Program and actively participate in any resulting recommendations, (2) provide the State Bar with a law practice succession plan, and (3) not receive any grievance for misconduct that results in a disciplinary screening panel recommending a formal hearing.[1] Additionally, Compan must pay $2,500 in administrative costs pursuant to SCR 120 and the actual costs of the disciplinary proceeding within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[2]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                                             Gibbons

cc:    Compan Law Offices
       Chair, Southern Nevada Disciplinary Board
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court

---

[1]The guilty plea agreement also required that Compan withdraw his representation as appellants' counsel in Docket No. 79192, but that matter has since been resolved and the remittitur issued.

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.